IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL GARZA, JR., | § | |
|    Movant, | § | |
| | § | |
| v. | § | MISC. CASE NO. H-05-280 |
| | § | |
| UNITED STATES DEPARTMENT OF | § | |
| HOUSING AND URBAN | § | |
| DEVELOPMENT, | § | |
|    Respondent. | § | |

## ORDER

Plaintiff Paul Garza, Jr., *pro se*, initiated this miscellaneous case by filing four Motions for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act ("RFPA") of 1978 ("Motions to Quash") [Docs. # 1-4]. The RFPA provides a mechanism for individuals to challenge a subpoena issued by a government agency to obtain records of bank customers. 12 U.S.C. § 3401. "To challenge a subpoena, a customer must file a motion to quash that includes an affidavit or sworn statement [stating] either that the financial records are not relevant to the agency's inquiry – and the reasons supporting his belief – or that the government has not substantially complied with the RFPA." *Sandsend Financial Consultants, Ltd. v. Federal Home Loan Bank Bd.*, 878 F.2d 875, 877 (5th Cir. 1989) (citing 12 U.S.C. § 3410(a)). The motion to quash must be filed within ten days after the subpoena is

served and no later than fourteen days after the subpoena is mailed. 12 U.S.C. § 3410(a). The government agency is not required to respond unless the movant's affidavit or sworn statement shows a factual basis for concluding that the requested records are not relevant to a legitimate law enforcement inquiry. *Hancock v. Marshall*, 86 F.R.D. 209, 211 (D.D.C. 1980).

In this case, Movant has neither attached a copy of the challenged subpoenas nor provided information from which the Court could determine (1) whether the Motions to Quash are timely under § 3410(a) and (2) the nature of the law enforcement inquiry for which the records are subpoenaed. Additionally, Movant's statement that the subpoenaed records are not relevant to the law enforcement inquiry because they are his "personal business" is an inadequate factual basis for this Court to require the government agency to respond. *See, e.g., Ruggles v. United States Sec. and Exchange Comm.*, 567 F. Supp. 766, 767-78 (S.D. Tex. 1983); *Olsen v. United States Dept. of Housing and Urban Devel.*, 1995 WL 686762, * 2 (E.D. La. Nov. 16, 1995); *see also Sandsend*, 878 F.2d at 882 (noting that relevancy for purposes of an administrative subpoena is a broad concept and a subpoena will survive a § 3410 challenge so long as the requested material "touches a matter under investigation").

Although the relevant legal authority would permit the Court to deny the Motions to Quash at this point for failure to support the motions with a sufficient affidavit or

sworn statement, the Court instead will permit Movant to supplement his motions. Accordingly, it is hereby

**ORDERED** that by no later than July 29, 2005, Movant shall <u>file</u> a copy of the challenged administrative subpoenas and a complete factual basis for his claim that the requested records are not relevant to the United States Department of Housing and Urban Development's law enforcement inquiry. <u>Movant is cautioned that failure to comply with this Order by July 29, 2005 will result in the prompt denial of his Motions to Quash without further notice.</u>

SIGNED at Houston, Texas, this **20th** day of **July, 2005**.

_____
Nancy F. Atlas
United States District Judge